UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MELANIE SANFORD, | Case No. 2:20-cv-11983 |
|     Plaintiff, | Paul D. Borman<br>United States District Judge |
| v. | Elizabeth A. Stafford |
| COMMISSIONER OF SOCIAL<br>SECURITY ADMINISTRATION, | United States Magistrate Judge |
|     Defendant.<br>_____/ | |

### ORDER ADOPTING MAGISTRATE JUDGE STAFFORD'S FEBRUARY 16, 2022 REPORT AND RECOMMENDATION TO 1) GRANT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; AND 2) DENY DEFENDANT'S MOTION FOR SUMMARY JUDGMENT. 3) THIS COURT REMANDS THE COMMISIONER'S DECISION UNDER SENTENCE FOUR OF 42 U.S.C. § 405(g) FOR FURTHER CONSIDERATION AND DISCUSSION LIMITED TO PLAINTIFF'S CERVICAL SPINE CONDITION AT STEP TWO

On February 16, 2022, Magistrate Judge Elizabeth A. Stafford issued a Report and Recommendation ("R&R") (ECF No. 15) addressing the cross-motions for Summary Judgment filed in this matter (ECF No. 11, 14). In the R&R, Magistrate Judge Stafford recommends that Plaintiff Melanie Sanford's Motion (ECF No. 11) be granted, Defendant Commissioner of Social Security Administration's Motion (ECF No. 14) be denied, and the Commissioner's decision "be remanded under sentence four of 42 U.S.C. § 405(g) for further consideration consistent with" the R&R. (ECF No. 15, PageID 1478–79). The R&R stated: "After review of the record,

the Court finds that the administrative law judge (ALJ) erred in overlooking Sanford's cervical spine condition . . . ." (ECF No. 15, PageID 1478.) Thus, the R&R dealt specifically with the cervical spine impairment claim, stating that it did not address "other [RFC] challenges here." (ECF No. 15, PageID 1488.)

Defendant filed two Objections to the R&R on February 25, 2022. (ECF No. 16.) Plaintiff filed a response to these Objections on March 9, 2022. (ECF No. 17.)

Pursuant to Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1), the Court has conducted a *de novo* review of the portions of the R&R to which Defendant has filed "specific written objections." *Lyons v. Comm'r Soc. Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004). For the following reasons, the Court **REJECTS** the Defendant's first Objection, **ADOPTS** the second Objection, and **REMANDS** this case under sentence four of 42 U.S.C. § 405(g) for further consideration and discussion limited to Plaintiff's cervical spine condition at step two. That reassessment on remand, limited to Plaintiff's cervical spine condition, does not require the ALJ to reconsider Plaintiff's other challenges about her RFC, which were not addressed by the Magistrate Judge's R&R, and which this Court finds unnecessary for the ALJ to address on this remand.

**Objection 1**

First, Defendant objects that, "[i]n finding that the ALJ did not adequately discuss Plaintiff's allegations of cervical spine complaints, the Magistrate Judge imposed articulation requirements on the ALJ that run counter to well-established case law." (ECF No.16, PageID 1492) (citing *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006) and *Simons v. Barnhart*, 114 F. App'x 727, 733 (6th Cir. 2004).)

Specifically, Defendant criticizes the R&R for finding that "that the ALJ erred by not explicitly citing to August 2015 imaging of Plaintiff's cervical spine," given that "the ALJ specifically referenced that imaging, explaining [that it did] 'not support' Plaintiff's 'alleged neck pain.'" (ECF No. 16, PageID 1492) (quoting ECF No. 9, PageID 54.) She argues that the R&R should not have "found that the ALJ erred in making 'no mention of the state examiner's assessment of *possible* spondylosis of the cervical spine'" because "there is no requirement for the ALJ to list each . . . possible diagnoses," and further, if this was an error, it was harmless because "the ALJ explicitly accommodated Plaintiff's 'neck/shoulder complaints' in the RFC by including 'no reaching above shoulder level.'" (ECF No. 16, PageID 1493) (quoting ECF No. 15, PageID 1487 and ECF No. 9, PageID 55.) She asserts that the R&R erred by "fault[ing] the ALJ for not explicitly recounting Plaintiff's 'testimony at the hearing that she can't look down . . . continuously'" because "the

3

ALJ reasonably evaluated Plaintiff's other testimony regarding her neck pain" and "supportably rejected those statements because the record did not support them." (ECF No. 16, PageID 1493–94) (quoting ECF No. 15, PageID 1487) (citing *Ritchie v. Comm'r of Soc. Sec.*, 540 F. App'x 508, 511 (6th Cir. 2013).) And, finally, she takes issue with the R&R for "pos[ing] an articulation requirement" by "suggest[ing] that the ALJ erred in discounting Plaintiff's 'debilitating' pain complaints because he did not explicitly note that she underwent cervical spine injections." (ECF No. 16, PageID 1494) (quoting ECF No. 15, PageID 1487.)

To sum up, Defendant claims: "the ALJ did not err in finding that the record failed to support Plaintiff's complaints of disabling neck pain at step two or beyond, and, even so, he explicitly accounted for those complaints in the RFC. And his conclusions are not deficient simply because he did not cite the evidence . . . outlined in [the] R&R." (ECF No. 16, PageID 1494–95) (internal citation omitted.)

Plaintiff responds that the R&R "did not impose an articulation requirement on the ALJ's evaluation of [her] cervical spine impairment." (ECF No. 17, PageID 1498.) Rather, she argues, the R&R pointed out that the ALJ "ignore[d] all the evidence regarding Plaintiff's severe cervical spine impairment" and explained why this "resulted in a Step Two analysis and RFC assessment which are not supported by substantial evidence." (ECF No. 17, PageID 1499.)

4

In response to Defendant's arguments, Plaintiff states that the imaging referenced by the ALJ "is an MRI of Plaintiff's *lumbar* spine." (ECF No. 17, PageID 1503.) She asserts that the R&R criticizes the ALJ for "making 'no mention of the state examiner's assessment of *possible* spondylosis of the cervical spine'" nor Sandford's "'testimony at the hearing that she can't look down . . . continuously'" to support the larger criticism that "the ALJ ignored *all* of Plaintiff's cervical spine diagnoses and failed to discuss any of them at Step Two," and, importantly, "the [next] three steps." (ECF No. 17, PageID 1503–04). She adds that "[t]here is absolutely no evidentiary basis to argue that when the ALJ wrote '[t]he neck/shoulder complaints are accommodated by no reaching above shoulder level' he was considering Plaintiff's 'possible spondylosis'" and "reaching above shoulder level is certainly not the only applicable limitation that should be included in the Plaintiff's RFC to account for her severe cervical spine impairment." (ECF No. 17, PageID 1505) (quoting ECF No. 9, PageID 55.)

Plaintiff also argues that the R&R highlights that the ALJ "did not explicitly [state that Plaintiff] underwent cervical injections" as one of multiple examples of the ALJ misstating the record. (ECF No. 17, PageID 1506.)

Additionally, Plaintiff states that the ALJ "provide[d] contradictory statements" and treated the evidence "inconsistently," including by both discounting Plaintiff's claims to suffering from neck pain entirely and suggesting that the no-

5

reaching-above-shoulder-level limitation addressed her neck pain. (ECF No. 17, PageID 1505–06.)

The Court **REJECTS** this Objection by Defendant. The R&R does not impose an articulation requirement on the ALJ; in fact, it affirmatively states that "an 'ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party.'" (ECF No. 15, PageID 1487) (quoting *Kornecky*, 167 F. App'x 496, 508 (6th Cir. 2006) (citations and quotation marks omitted).) The R&R's discussion of the evidence of Plaintiff's cervical spine impairment demonstrates that the ALJ did not sufficiently consider Plaintiff's cervical spine condition.

And the ALJ's two brief references to Plaintiff's neck pain within his RFC assessment do not indicate otherwise. The ALJ's statement that "Dr. Kovan's records [] reference [Plaintiff's] complaints [of increasing neck pain and headaches], but the physical exams and imaging do not support these assertions" does not invoke Plaintiff's specific cervical impairments, and it is supported by a citation to a page of Dr. Kovan's notes that references imaging of the lumbar, not cervical, spine. (ECF No. 9, PageID 54, 559.) (This page also records an impression that Plaintiff had stable "cervical interspinous ligament inflammation." (ECF No. 9, PageID 54, 559.)) Similarly, the ALJ's assertion that "[t]he neck/shoulder complaints are accommodated by no reaching above shoulder level" does not reflect any

6

consideration of Plaintiff's specific cervical spine issues—and the earlier statement that Plaintiff's neck pain is not supported by the record suggests that, if anything, this condition must have been imposed in response to the "shoulder complaints." (ECF No. 9, PageID 55.)

Accordingly, the Magistrate Judge's R&R is correct that "[t]he ALJ overlooked or misconstrued material evidence about Sanford's cervical spine impairment, precluding meaningful review of whether his decision is supported by substantial evidence." (ECF No. 15, PageID 1488).

**Objection 2**

Second Defendant objects that "[t]he ALJ did not reversibly err by mistakenly referring to a prior RFC [as] finding" that Plaintiff could engage in "light work when, in fact, it limited her to sedentary work." (ECF No. 16, PageID 1495.) She argues that this distinction "is of little consequence" because "the ALJ was tasked with 'giving a fresh look to a new application'" and "the ALJ explicitly stated that 'additional medical evidence supports a change in Plaintiff's residual functional capacity' from the previous decision." (ECF No. 16, PageID 1495) (quoting *Earley v. Comm'r of Soc. Sec.*, 893 F.3d 929, 931 (6th Cir. 2018) and (ECF No. 9, PageID 53) (internal alteration marks omitted).)

7

Plaintiff responds that the R&R "pointed this fact out when [it] was listing the ways the ALJ misstated parts of the record in the RFC assessment, which resulted in an RFC assessment unsupported by substantial evidence." (ECF No. 17, PageID 1507.)

The Court **ADOPTS** this Objection by Defendant. It will not require the ALJ to reconsider the 2015 RFC and will only require limited consideration with regard to the cervical spine condition.

Accordingly, for the foregoing reasons, the Court:

(1) **OVERRULES** Defendant's First Objection to the R&R and **ACCEPTS** Defendant's Second Objection to the R&R (ECF No. 16);

(2) **ADOPTS** the R&R as specified above (ECF No. 15);

(3) **DENIES** Defendant's Motion for Summary Judgment (ECF No. 14);

(4) **GRANTS** Plaintiff's Motion for Summary Judgment (ECF No. 13); and

(5) **REMANDS** this case to the ALJ for further limited consideration with regard to the cervical spine condition.

**IT IS SO ORDERED.**

s/Paul D. Borman
Paul D. Borman
United States District Judge

Dated: March 23, 2022